**Theodore Beech MEDLEY,
Petitioner—Appellant,**

v.

**D.L. RUNNELS, Warden, Respondent—
Appellee.**

No. 05–55295.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2006.*

Filed June 30, 2006.

Theodore Beech Medley, Vacaville, CA, pro se.

Wayne R. Young, Esq., Santa Monica, CA, for Petitioner–Appellant.

Robert M. Foster, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and JONES,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert C. Jones, United States District Judge for the District of Nevada, sitting by designation.

MEMORANDUM ***

Theodore Beech Medley appeals from the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for murder in state court. Medley alleges that (1) he received ineffective assistance of counsel when his attorney ignored Medley's requests to testify; (2) the state trial violated his constitutional rights by failing to instruct the jury on a necessary element of the sentence enhancement Medley received; and (3) Medley received ineffective assistance of counsel because his trial and appellate counsel both failed to contest the jury instructions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's denial of Medley's petition for a writ of habeas corpus.

Since Medley's petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we can only overturn Medley's conviction if the state court decision affirming his conviction was "an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Since Medley argues that his attorney provided ineffective assistance of counsel by denying him the right to testify and not objecting to the jury instructions, the clearly established federal law we apply is the test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Dows v. Wood*, 211 F.3d 480, 484 (9th Cir.2000).

*Strickland* decided that, for an ineffective assistance of counsel claim to succeed, the defendant must be able to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Id.* at 694, 104 S.Ct. 2052. We do not examine the performance of Medley's counsel because we "need not determine whether counsel's performance was deficient before examining the prejudice suffered . . . as a result of the alleged deficiencies." *Id.* at 697, 104 S.Ct. 2052.

■ Medley did not receive constitutionally ineffective assistance of counsel when his attorney did not arrange for him to testify because such a failure to testify was not prejudicial. Medley argues on appeal that he would have used his testimony to assert that he had committed the murder in self-defense. In such a situation, though, if Medley had in fact testified, and testified that he acted in self-defense, his testimony would still have been the *sole* evidence in favor of his self-defense claim.

Weighing against Medley's claim of self-defense would have been the strong impeachment evidence the State could have used against him. Any testimony about self-defense Medley presented would have been flatly inconsistent with all of the other evidence Medley presented at trial that "someone else" murdered the victim. Moreover, there was sufficient other evidence to convict Medley. Medley's girlfriend testified that Medley confessed to the murder, and that Medley described the details of the crime right after it occurred exactly as forensics experts would later find that the crime transpired, and with no mention of Medley's alleged need to act in self-defense.

Medley also argues that he received ineffective assistance of counsel when neither his trial nor his appellate counsel contested the jury instructions which did not permit the jury to find for itself whether the flare gun that Medley used to

***This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

commit the murder was a "firearm," as required for the sentence enhancement Medley received.

■ The evidence strongly supported a determination that Medley discharged a firearm within the meaning of California Penal Code §§ 12022.53(c) and 1192.7(c). A sentence enhancement may be ordered pursuant to this statute if the defendant uses a firearm, defined as "any devise designed to be used as a weapon from which is expelled through a barrel a projectile by the force of any explosion or other form of combustion." CALJIC No. 17.19. An expert testified that the flare gun Medley used works "similar to how other guns would operate, like a shotgun or ... like a pistol." This expert also described in detail how the flare gun "expell[s] through a barrel a projectile by the force of any explosion or other form of combustion." Medley's girlfriend also testified that Medley used the flare gun like a weapon by firing the flare gun at the eventual murder victim.

For these reasons, it would not have been unreasonable pursuant to AEDPA to believe that a "rational jury" would have found the flare gun to be a firearm. *United States v. Shryock*, 342 F.3d 948, 986 (9th Cir.2003) (*quoting United States v. Gracidas–Ulibarry*, 231 F.3d 1188, 1197 (9th Cir.2000) (en banc)). We therefore also hold that any failure to object to such an instruction cannot form the basis for an ineffective-assistance claim because Medley cannot show prejudice. *Strickland*, 466 U.S. at 694–95, 104 S.Ct. 2052.

**AFFIRMED.**